### Patricia LETT

v.

### The PROVIDENCE JOURNAL COMPANY.

### No. 96–401–Appeal.

Supreme Court of Rhode Island.

Nov. 26, 1997.

Edward L. Maggiacomo, David A. Wollin, Providence.

Joseph V. Cavanagh, Jr., Raymond A. Marcaccio, Providence.

### ORDER

This case came before a panel of the Supreme Court on November 18, 1997, on the motion of the plaintiff, Patricia Lett (Lett), to dismiss the appeal of the defendant, the Providence Journal Company (Journal). The Journal appealed from a Superior Court order granting a motion to compel filed by Lett. That order directed the Journal to reveal the identities of several sources used by one of its reporters in writing an article about Lett. In addition to its appeal, the Journal also filed a conditional petition for issuance of a writ of certiorari that it asked this Court to grant should we conclude that the Journal has no statutory right to appeal the order granting the motion to compel.

This litigation began when Lett filed a complaint against the Journal alleging that the Journal had defamed her. The Journal had published a series of articles in 1990 reporting that Lett, who was at that time assisting Louis Guiliano in the promotion of a race track in the town of Burrilville, had connections to organized crime figures. As part of the discovery efforts in her suit, Lett sought to uncover the identity of the confidential sources that had supplied the Journal with information used in writing the articles. The Journal refused to divulge its sources, and Lett moved to compel. The trial justice granted that motion, and the Journal filed an appeal with this Court.

There is no dispute that this appeal is interlocutory, and Lett has moved to dismiss the Journal's appeal on that ground. The Journal argued that it has a right to appeal under the Newsman's Privilege Act (Act), G.L. 1956 § 9–19.1–1. The Act provides that a reporter or journalist may not be required to disclose the sources of any confidential information received in his or her professional capacity. The Act also expressly states, however, that no such privilege will inhere with regard to "the source of any allegedly defamatory information in any case where the defendant, in a civil action for defamation, asserts a defense based upon the source of the information." § 9–19.1–3(b)(1). The Act provides an express right of appeal under § 9–19.1–3(c), when "disclosure of the [confidential information] is necessary to permit a criminal prosecution for the commission of a specific felony, or to prevent a threat to human life." At this point, we do not pass on the propriety of the Journal's appeal, the various issues raised by it, and Lett's motion to dismiss. Rather, we grant the Journal's conditional petition and address the issues before us on certiorari.

On the basis of the record in this case, it is unclear whether the Journal is relying on its confidential sources to provide it with a good faith defense. In light of the posture of the case and the representations of counsel at oral argument before this Court, an evidentiary hearing is necessary to determine whether the Journal is asserting as a defense that it had a good faith belief in the truthfulness and accuracy of the information it published and to ascertain what if any portion of that information was obtained from its unnamed, confidential sources. If the Journal is asserting such a defense and is relying upon these unidentified sources—as opposed

to other, revealed sources of the same information—to justify its belief in the truthfulness of its reporting, then it cannot invoke the newsman's privilege to shield those sources. *Capuano v. Outlet Co.*, 579 A.2d 469 (R.I.1990).

Because the record is insufficient to address these issues, we remand this case to the Superior Court for a hearing and further proceedings in accordance with this Order.

WEISBERGER, C.J., and FLANDERS, J., did not participate.